**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **ADAPTIVE AVENUE ASSOCIATES, INC.,** | § | |
| *Plaintiff* | § | **MO:25-CV-00189-DC** |
| | § | |
| **v.** | § | |
| | § | |
| **WALMART INC.,** | § | |
| *Defendant* | § | |

## ORDER

BEFORE THE COURT is the report and recommendation ("R&R") from U.S. Magistrate Judge Derek T. Gilliland concerning Defendant's Motion to Dismiss.[1] Pursuant to 28 U.S.C. § 636(b) and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, the Magistrate Judge issued his report and recommendation on February 6, 2026.[2] Walmart filed objections to the R&R on February 20, 2026.[3]

## LEGAL STANDARD

28 U.S.C. § 636(b) permits a party to serve and file written objections to a magistrate judge's proposed findings or recommendations within fourteen days after being served with a copy of the report and recommendations. The Court will review *de novo* the portions of the

---

[1] Doc. 25.
[2] Doc. 42.
[3] Doc. 43.

report and recommendations objected thereto. When no objections are timely filed, the Court need only review the magistrate judge's report and recommendation for clear error.[4]

## **ANALYSIS**

Defendant Walmart Inc. ("Walmart") moves under Rule 12(b)(6) to dismiss Plaintiff's complaint for patent infringement. Specifically, Defendant asserts that the patents are invalid under 35 U.S.C. § 101. The R&R correctly identifies the governing framework and explains why, on this Rule 12 record, dismissal is not warranted, at least at this time.

As an initial matter, Walmart disputes the R&R's characterization of § 101 dismissal at the pleading stage as "rarely appropriate," noting that the Federal Circuit has affirmed dismissal based on patent ineligibility at the motion-to-dismiss stage regularly.[5] Regardless of how often § 101 is resolved at the pleading stage, the Court need not wade into a debate about frequency. Eligibility may be decided on a motion to dismiss in an appropriate case, but the question is whether dismissal is warranted on this Rule 12 record—whether there are no plausible factual disputes after drawing reasonable inferences in Plaintiff's favor.[6]

Applying that standard here, the Court agrees with the R&R that the briefing raises disputes relevant to the § 101 analysis. On this record, Walmart has not shown that the asserted claims are ineligible as a matter of law. Walmart may renew its § 101 arguments at summary judgment on a developed record. Nothing in this Order should be construed as a determination that the asserted claims are patent eligible.

---

[4] Fed. R. Civ. P. 72 advisory committee's note.

[5] Doc. 43 (citing *Cleveland Clinic Found. v. True Health Diagnostics LLC*, 859 F.3d 1352, 1360 (Fed. Cir. 2017) (collecting cases)).

[6] *Coop. Ent., Inc. v. Kollective Tech., Inc.*, 50 F.4th 127, 130 (Fed. Cir. 2022).

Defendant also requests oral argument. The Court finds that oral argument is unnecessary to resolve the motion and objections.

**CONCLUSION**

Accordingly, Defendant's objections are **OVERRULED**.[7] The Court **ORDERS** the report and recommendation of the Magistrate Judge is **ADOPTED**.[8] Defendant's Motion to Dismiss is **DENIED** without prejudice to raising patent ineligibility at the summary judgment stage.[9]

It is so **ORDERED**.

SIGNED this 5th day of March, 2026.

DAVID COUNTS
UNITED STATES DISTRICT JUDGE

---

[7] Doc. 43.
[8] Doc. 42.
[9] Doc. 25.